*E-FILED 4/23/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WANDA FREDDIE,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>    Defendant.<br>_____/ | NO. 06-4989 RS<br><br>**ORDER REMANDING MATTER FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

## I. INTRODUCTION

Plaintiff Wanda Freddie filed this action seeking judicial review of a decision of the Commissioner of Social Security finding her "not disabled." Freddie has filed a motion for summary judgment. The Commissioner has opposed the motion for summary judgment and seeks remand of this matter pursuant to sentence four of 42 U.S.C § 405 (g). In response, Freddie has indicated she does not oppose remand, on appropriate terms.[1]

Pursuant to Civil Local Rule 16-5, the matter has been submitted for decision without oral argument. Upon consideration of the papers and the record herein, the matter will be remanded to

---

[1] Freddie has also filed a motion to strike a reference in the Commissioner's motion regarding his offer to remand the case voluntarily for further administrative proceedings, which Freddie contends is an inadmissible reference to settlement negotiations. As the Commissioner correctly points out, Rule 408 of the Federal Rule of Evidence is inapplicable as the reference was made only to explain the procedural history of this case and was not offered as evidence of the validity or invalidity of plaintiff's claims.

1

the Commissioner for further administrative proceedings, on the terms requested by Freddie.

## II.  BACKGROUND

In July of 2002, Freddie filed an application for social security benefits alleging that she had become disabled as of July 16, 2001.  After her claim was denied, Freddie sought a hearing before an Administrative Law Judge.  After taking testimony and reviewing medical records, the ALJ issued a decision against Freddie in September of 2004.  The Appeals Council declined to review the ALJ's decision, and this action followed.

In Freddie's brief she represents that she filed a new application for benefits after the denial of her first application.  In October 2005, the Commissioner issued a decision with regards to the new application and found that Freddie was disabled from and after April 19, 2005.

## III.  DISCUSSION

Freddie's contention that she is and was disabled is based on a variety of claimed physical and psychological ailments, which need not be recounted in detail here, given the Commissioner's acknowledgment that there was a "critical error" in the original administrative proceedings. Specifically, the Commissioner "agrees that the ALJ did not appropriately consider Plaintiff's mental impairment." Defendant's motion at 3:24-25.  The Commissioner concedes that additional proceedings would allow the Commissioner to obtain "medical expert testimony to clarify the nature and extent of [plaintiff's]  mental impairment, the date of disability onset, and whether the [plaintiff's] mental impairment meet [sic] or equaled the severity of an impairment listed in the Listings of Impairments." Defendant's motion at 3:26-28.  Furthermore, the Commissioner also concedes that the ALJ may reassess plaintiff's residual functional capacity if warranted.[2]

"If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981)).  Nevertheless, where "a rehearing would simply delay receipt of benefits, reversal is appropriate." *Lewin*, 654 F.2d at 635.  This decision to remand rather than simply reverse lies within the discretion of the court. *Id.*

---

[2]  As discussed below, the question on remand will not be whether plaintiff is disabled now, but whether she was disabled at any time after her original application but prior to April 19, 2005.

2

Despite agreeing that there were defects in the administrative proceedings and requesting remand to remedy those defects, the Commissioner has requested that Freddie's motion for summary judgment be denied. The Commissioner's proposed order states that the remand is made "pursuant to sentence four of 42 U.S.C § 405 (g)." That sentence provides: "The court shall have power to enter, upon the pleadings and transcript of the record, *a judgment affirming, modifying, or reversing* the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (emphasis added).

The Commissioner appears to be seeking a remand without an express statement that the original decision has been "reversed." The Commissioner's concession of defects in the administrative proceeding, and the request for a remand under sentence four of 42 U.S.C § 405 (g), however, is tantamount to a concession that the decision must be reversed.[3] Additionally, in effect, Freddie's motion will have been granted.[4]

In stating that she has no objection to remand, Freddie raises a concern that the October 2005 finding that she has been disabled since April 19, 2005 not be reopened for review. Freddie's subsequent application for benefits and the decision thereon are not part of the record in this proceeding. For that reason, the October 2005 award of benefits will *not* be subject to reconsideration as part of the remand hereunder. This proceeding, and the administrative rehearing that will follow, concern only Freddie's application for benefits made in July of 2002, alleging that she had become disabled as of July 16, 2001. Because there is now a finding under a separate application that Freddie has been disabled since April 19, 2005, all that remains to be decided in this matter is whether she was disabled during any period between July 16, 2001 and that date. That being said, however, the Court expresses no opinion as to the circumstances, if any exist, under which the Commissioner might be entitled to initiate a proceeding to re-examine the October 2005

---

[3] Because the matter is being remanded for rehearing, "reversed" in this context does *not* mean that Freddie is immediately entitled to benefits or that the Commissioner will be precluded from reaching the same result upon rehearing. To avoid confusion, appellate courts sometimes use the term "vacated" instead of "reversed" under circumstances like these. Sentence four of 42 U.S.C § 405 (g), however, speaks of "reversing . . . with or without remanding the cause for a rehearing."

[4] As is the case any time a motion for summary judgment is granted, this does not mean that all of the arguments made therein have necessarily been found to have merit.

3

1 decision or Freddie's present condition.

## IV. CONCLUSION

Pursuant to sentence four of 42 U.S.C § 405 (g), the decision of the Commissioner is reversed and this action is remanded for rehearing.  Upon remand an Administrative Law Judge will obtain medial expert testimony to clarify the nature and extent of plaintiff's mental impairment, the date of onset, and whether plaintiff's mental impairment meets or equals the severity of an impairment listed in Appendix 1, Subpart P, Regulations No.4 (20 C.F.R. 404.1527(f) and 416.927(f), and the Social Security Ruling 96-6p).  The ALJ will also reassess plaintiff's residual functional capacity if warranted.  The scope of the ALJ's review on remand is limited to the period between July 16, 2001 and April 19, 2005.

IT IS SO ORDERED.

Dated:  April 20, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

United States District Court
For the Northern District of California